UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                        )
IN RE YASMIN AND YAZ (DROSPIRENONE))        3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND        )
PRODUCTS LIABILITY LITIGATION                )        MDL No. 2100
_____)

This Document Relates to:

KIMBERLY BYRD, *et al.*,

    Plaintiffs,                                        Civil No. 3:11-cv-12890-DRH-PMF

v.

BAYER HEALTHCARE
PHARMACEUTICALS INC. and
BAYER PHARMA AG,

    Defendants.

### ORDER ADDRESSING PLAINTIFF FACT SHEET MATTERS

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter is before the Court for case management. The following three motions are pending in the above captioned matter: (1) Bayer HealthCare Pharmaceuticals, Inc.'s ("Bayer") motion to convert the Court's without prejudice Plaintiff Fact Sheet ("PFS") dismissal into a with prejudice PFS dismissal (Doc. 26); (2) the plaintiff's motion for an extension of time to respond Bayer's motion for a with prejudice dismissal (Doc. 27); and (3) the plaintiff's motion to vacate the Court's order of dismissal without prejudice as to certain plaintiffs (Doc. 29).

For the reasons discussed below, the motion to vacate the Court's order of dismissal without prejudice as to certain plaintiffs (Doc. 29) is **GRANTED**. The motion to dismiss with prejudice (Doc. 26) has been **WITHDRAWN** (Doc. 28)**.** Therefore, the motion to dismiss with prejudice (Doc. 26) and the plaintiffs' motion for an extension of time to respond thereto (Doc. 27) are **DENIED** as **MOOT.**

## II. BACKGROUND

### A. Without Prejudice Dismissal of Certain Plaintiffs' Claims

The above captioned matter was opened on September 14, 2011. At the time of filing, the case included 93 plaintiffs. On February 9, 2012, Bayer filed a motion to dismiss 53 of the 93 plaintiffs, without prejudice, for failure to comply with the PFS requirements (Doc. 4). The plaintiffs did not file a responsive pleading and on March 1, 2012, the Court granted Bayer's motion to dismiss as to 53 of the 93 plaintiffs (Doc. 5).

### B. The Plaintiffs' Initial Handling of the 53 PFS Dismissals

#### 1. The Plaintiffs' Counsel Submitted Completed PFSs for 17 of the 53 Dismissed Plaintiffs

In April 2012, counsel for the plaintiffs filed motions to vacate the order of dismissal as to 17 of the 53 dismissed plaintiffs. The motions stated the subject plaintiffs had completed their PFS requirements (Doc. 7, Doc. 9). In May and June 2012, the Court granted the motions to vacate and reinstated the claims of these 17 plaintiffs (Doc. 15, Doc. 20).

**2. The Plaintiffs' Counsel Sought a Deadline Extension for 20 of the 53 Dismissed Plaintiffs**

In April 2012, counsel for the plaintiffs filed a motion for extension of time as to 20 of the 53 dismissed plaintiffs (Doc. 10).[1] The motion for extension asked the Court to stay the enforcement of the "with prejudice" provision of CMO 12 (MDL 2100 Doc. 836 Section E.1) for an additional 90 days (Doc. 10; Doc. 11). The Court granted the plaintiffs' motion for extension of time (Doc. 13).

The extension stayed the enforcement of the "with prejudice" provision of CMO 12 for an additional 90 days (MDL 2100 Doc. 836 Section E.1). Specifically, the Court gave the subject plaintiffs until July 30, 2012 to complete their PFS requirements (Doc. 18). The Court explained that the extension did not vacate the order of dismissal and did not reinstate the subject plaintiffs' claims (Doc. 18). Rather, it gave the plaintiffs 150 days (as opposed to 60 days) to comply with their PFS requirements prior to being subject to a with prejudice dismissal upon the

---

[1] The April 2012 motion for extension of time applied to the following plaintiffs:
1. Terry Enriquez,
2. Donna Bearden,
3. Rachel Burgess,
4. Cori Castro,
5. Desiree Castro-Cheatham,
6. Erica Cox,
7. Jennifer Giglio,
8. Jessica Gutierrez,
9. Melissa Hawes,
10. Stephanie Lyghts,
11. Keshia Matthews,
12. Janet McCarthy,
13. Bonnie McGregor,
14. Kiri Miranda,
15. Jessica Raya,
16. June Robles,
17. Terri Sellers,
18. Mary Stanley,
19. Ashley Weber, and
20. Nancy Paul

defendants' motion (Doc. 18). The Court expressly noted that if the subject plaintiffs failed to take action by July 30, 2012, the plaintiffs' actions would be subject to dismissal with prejudice *upon* Bayer's motion for dismissal with prejudice (Doc. 18).

**3. No Action Was Taken With Regard to 16 of the 53 Dismissed Plaintiffs**

As to the remaining 16 dismissed plaintiffs, counsel did not take any subsequent action (*i.e.* a stay of enforcement was not requested and no pleadings were filed indicating that these plaintiffs had submitted completed PFSs). Accordingly, as to these 16 plaintiffs, Bayer could have filed a motion seeking with prejudice dismissal 60 days after the Court's March 1, 2012 without prejudice dismissal (Doc. 5). Had Bayer sought a with prejudice dismissal at that time, the subject plaintiffs' claims would have been subject to dismissal upon the filing of that motion.

### III. MOTIONS CURRENTLY PENDING

**A. Motion to Vacate and Reinstate**

The plaintiffs have filed a motion to vacate the Court's March 1, 2012 Order of dismissal as to the following plaintiffs: Cori Castro, Terry Enriquez, Melissa Hawes, Bonnie McGregor, Kiri Miranda, Nancy Paul, Terri Sellers, and Mary Stanley (Doc. 29). Counsel for the plaintiffs states that these individuals are now in compliance with their PFS requirements (Doc. 29). Bayer is not opposed (Doc. 30).

Accordingly, the motion is **GRANTED**. The order of dismissal without prejudice, entered on March 1, 2012, is hereby **VACATED** as to the following plaintiffs: Cori Castro, Terry Enriquez, Melissa Hawes, Bonnie McGregor, Kiri Miranda, Nancy Paul, Terri Sellers, and Mary Stanley. **Further**, the Clerk of the Court is **DIRECTED** to reinstate the same.

### B. Motion to Dismiss With Prejudice

On April 2, 2013, Bayer filed a motion to convert certain PFS dismissals without prejudice into PFS dismissals with prejudice (Doc. 26) in accord with Section E.1 of CMO 12 (MDL 2100 Doc. 836). The motion seeks an order dismissing with prejudice the claims of 21 of the 53 dismissed plaintiffs.[2] On April 16, 2013, counsel for the plaintiffs filed a motion for extension of time on behalf of the 21 plaintiffs identified in Bayer's motion for with prejudice dismissal

---

[2] The motion asks the Court to convert the without prejudice dismissals of the following plaintiffs' claims into with prejudice dismissals pursuant to CMO 12:

1. Kassandra Alvarez,
2. Donna Bearden,
3. Rachel Burgess,
4. Desiree Castro-Cheatham,
5. Erica Cox,
6. Laura Currier,
7. Bilma Fernandez,
8. Jennifer Giglio,
9. Jessica Gutierrez,
10. Sonja Keys,
11. Stephanie Lyghts,
12. Natasha Macklin,
13. Renee Manning,
14. Keshia Matthews,
15. Janet McCarthy,
16. Jessica Raya,
17. June Robles,
18. Jennifer Schmekel,
19. Toni Thomas,
20. Ashley Weber, and
21. Shelattae Whitaker

(Doc. 27) (Section 2.A., Above). Counsel for the plaintiffs contends the parties entered into an agreement in which Bayer agreed to suspend PFS obligations and refrain from seeking dismissal with prejudice (with respect to other plaintiffs) (Doc. 27). On May 1, 2013, without explanation, Bayer filed a notice of withdrawal of its motion for with prejudice dismissal of the subject 21 plaintiffs (Doc. 28).

**Accordingly, the motion to dismiss with prejudice the claims of the subject plaintiffs is MOOT**.

### C. Motion for Extension of Time

The plaintiffs' motion for an extension of time to respond to the motion for with prejudice dismissal is also Moot. Nonetheless, the Court will take a moment to clarify some issues with respect to this motion.

The motion requested an "extension of 30 days to respond" to Bayer's motion for with prejudice dismissal. This request indicates a misunderstanding of the deadlines and procedures governing CMO 12. Pursuant to CMO 12, a plaintiff is given 14 days to respond to a motion to dismiss without prejudice for failure to comply with PFS requirements. If the plaintiff's claim is dismissed without prejudice for failure to comply with PFS requirements, the plaintiff is given 60 days to cure any alleged PFS deficiencies and seek to vacate or otherwise contest the order of dismissal. If the plaintiff fails to take any action during that 60 day period, the plaintiff's action <u>is subject to dismissal with prejudice on the day the defendant's motion for a with prejudice dismissal is filed.</u> This deadline is outlined in Section E of CMO 12, which states as follows:

> Unless Plaintiff has served Defendants with a completed PFS or has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal without Prejudice, the order will be converted to a Dismissal With Prejudice **upon** Defendants' motion.

(MDL 2100 Doc. 836 § E) (emphasis added). In addition, when an action is dismissed without prejudice for failure to comply with PFS requirements, the Court's order of dismissal includes the following warning:

> **Further**, the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

(*See e.g.,* Doc. 5 p. 10) (emphasis in original).

Thus, CMO 12 does not contemplate any responsive pleading time after the motion for with prejudice dismissal is filed. Rather, the time for addressing PFS deficiencies (in order to avoid a with prejudice dismissal) is in the 60 days after the claim is dismissed without prejudice. This is so regardless of any responsive pleading time automatically generated by CMECF.[3] If counsel fails to resolve PFS deficiencies during this time period and instead waits for a motion for with prejudice dismissal to be filed, he or she risks having the client's case dismissed

---

[3] The Court has consistently taken steps to remind the parties that the deadlines in CMO 12 and other Case Management Orders always trump any responsive pleading deadline automatically generated by CMECF.  As the Court explained in its order of dismissal without prejudice for failure to comply with PFS requirements (and as it does in all such dismissals), the deadlines provided for in CMO 12 trump any generic responsive pleading deadlines automatically generated by CMECF (Doc. 5 p. 5 n.8). This is consistent with the Court's Local Rules.  *See* United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").SDIL-EFR 3. The Court also has an explicit reminder regarding this rule and CMO 12 on the MDL 2100 website. *See* http://www.ilsd.uscourts.gov/documents/mdl2100/Mdl2100Reminders.pdf

<u>with prejudice *upon* the defendants filing of the motion for with prejudice dismissal</u>.[4]

Because CMO 12 does not allow for a responsive pleading period after a motion for with prejudice dismissal is filed, the plaintiffs' motion for an extension of time could only be construed as a motion asking the Court to stay enforcement of the "with prejudice" dismissal provision of CMO 12. Considering the 21 plaintiffs identified in the plaintiffs' motion for extension of time have had more than a year to complete their PFS requirements, it is unlikely that such a motion would have been granted.

The Court has taken the additional time to discuss this matter because 28[5] of the 53 plaintiffs dismissed without prejudice on March 1, 2012 continue to be

---

[4] Considering the size of this MDL, the Court cannot individually revise every responsive pleading deadline generated by CMECF that conflicts with the deadlines provided for in CMO 12 and other controlling Case Management Orders.

[5] The claims of the following plaintiffs were dismissed without prejudice for failure to comply with PFS requirements on March 1, 2012 (Doc. 5). These plaintiffs continue to be at risk of having their claims dismissed WITH prejudice UPON the filing of Bayer's motion for a with prejudice dismissal:

1. **Kassandra Alvarez,**
2. **Sherri Bazemore,**
3. **Donna Bearden,**
4. **Kelly Blankenship,**
5. **Rachel Burgess,**
6. **Kimberly Byrd,**
7. **Desiree Castro-Cheatham,**
8. **Erica Cox,**
9. **Laura Currier,**
10. **Bilma Fernandez,**
11. **Jennifer Giglio,**
12. **Jessica Gutierrez,**
13. **Lateycia Johnson,**
14. **Sonja Keys,**
15. **Stephanie Lyghts,**
16. **Natasha Macklin,**
17. **Renee Manning,**
18. **Keshia Matthews,**

at risk for with prejudice dismissal *upon* the Bayer's motion to dismiss with prejudice.[6] Despite the various motions, notices of withdrawal, and alleged agreements between counsel, the without prejudice dismissal is still in effect for 28 of the 53 plaintiffs (and has been in effect for over a year). Accordingly, it is critical that counsel for plaintiffs is fully aware of the deadlines and procedures governing CMO 12.

### IV. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

**Motion to Vacate Order on Motion to Dismiss (Doc. 29):** The motion is **GRANTED**. The order of dismissal without prejudice, entered on March 1, 2012, is hereby **VACATED** as to the following plaintiffs:

1. Cori Castro,
2. Terry Enriquez,
3. Melissa Hawes,
4. Bonnie McGregor,
5. Kiri Miranda,
6. Nancy Paul,
7. Terri Sellers, and
8. Mary Stanley

**Further**, the Clerk of the Court is **DIRECTED** to reinstate the same.

---

19. Janet McCarthy,
20. Christina Murray-Myers,
21. Jessica Raya,
22. June Robles,
23. Jennifer Schmekel,
24. Lea Slawson,
25. Betty Stevens,
26. Toni Thomas,
27. Ashley Weber, and
28. Shelettae Whitaker

[6] The stay of enforcement of CMO 12 (applicable to 20 plaintiffs) expired on July 30, 2012.

**The motion to dismiss with prejudice (Doc. 26)** has been **WITHDRAWN (Doc. 28).** Therefore, the **motion to dismiss with prejudice (Doc. 26)** and the plaintiffs' **motion for an extension of time to respond thereto (Doc. 27)** are **DENIED** as **MOOT.**

    **SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.05.20 11:03:33 -05'00'

**Chief Judge**
**United States District Court**　　　　　　　　　　Date:  May 20, 2013